21CA0738 People in Interest of A-DM-F 12-23-2021 COLORADO COURT OF APPEALS Court of Appeals No. 21CA0738 Arapahoe County District Court No. 19JV274 Honorable Natalie T. Chase, Judge The People of the State of Colorado, Appellee, In the Interest of A-D.M-F. Child, and Concerning A.F., Appellant. JUDGMENT AFFIRMED Division IV Opinion by JUDGE TOW J. Jones and Freyre, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced December 23, 2021 Ronald Carl, County Attorney, Heather Tomka, Assistant County Attorney, Aurora, Colorado, for Appellee Alison A. Bettenberg, Guardian Ad Litem Barbara A. Snow, Office of Respondent Parents’ Counsel, Longmont, Colorado, for Appellant 
1 ¶ 1 In this dependency and neglect proceeding, A.F. (father) appeals the juvenile court’s judgment terminating his parent-child legal relationship with A-D.M-F. (the child). We affirm. I. Background ¶ 2 In April 2019, the Arapahoe County Department of Human Services filed a dependency and neglect petition based on concerns about substance use by the child’s mother as well as domestic violence between the parents. Father first appeared before the court the next month. At that hearing, the juvenile court advised father of his right to counsel. But father refused to complete the necessary paperwork for the court to determine whether he qualified for court-appointed counsel. ¶ 3 At the next hearing in June 2019, the court appointed counsel for father. With the assistance of counsel, father admitted that the child’s environment was injurious to his welfare. Based on father’s admission, the court adjudicated the child dependent and neglected. It also adopted a treatment plan for father. ¶ 4 Later, father’s counsel moved to withdraw. The court ultimately granted the motion in April 2020. 
2 ¶ 5 Around the same time, the Department moved to terminate father’s parental rights. And, in September 2020, the Department filed a second motion to terminate the legal relationship between father and the child. ¶ 6 The termination hearing was held via Webex in November 2020. Father appeared without counsel at the start of the hearing. He did not comply with the court’s instructions to conduct himself in an appropriate manner and the court muted him. Father then disconnected from the hearing. Following the remainder of the hearing, the juvenile court terminated father’s parental rights. ¶ 7 About six months later, father appealed the termination judgment. The Department and the child’s guardian ad litem (GAL) moved to dismiss the appeal on the basis that it was untimely and, thus, this court lacks jurisdiction to hear it. A motions division of this court denied their request. The Department and GAL then filed a motion to supplement the record with a certificate of service for the termination judgment. This court also denied that request. 
3 II. Timely Appeal ¶ 8 To start, the Department and GAL assert that, contrary to the determination of the motions division, we should dismiss this appeal because it is untimely. We disagree. ¶ 9 A parent must file a notice of appeal within twenty-one days after the entry of a termination judgment. See C.A.R. 3.4(b)(1). For purposes of appeal, a judgment is “entered” when it is “entered pursuant to C.R.C.P. 58.” C.A.R. 3.4(b)(1). C.R.C.P. 58(a), in turn, provides that when the court signs a judgment and a party is not present when it is signed, a copy of the signed judgment shall be immediately mailed or e-served by the court to each absent party who has previously appeared. C.A.R. 3.4(b)(1) further provides that if notice of the entry of judgment is transmitted to the parties by mail or E-Service, the time for the filing of the notice of appeal commences from the date of mailing or E-Service of the notice. E-Service does not include regular email, but instead only includes service through the court’s electronic filing system. C.R.C.P. 121, 1-26(1)(d). ¶ 10 The juvenile court signed the termination judgment on November 16, 2020. This was four days after the parties appeared 
4 before the court at the termination hearing. And the record contains no indication of when, if at all, the court mailed or e-
served the termination judgment to father. The fact that the Department may have emailed a copy of the court’s order to father does not suffice for service of the order by the court. Because there is nothing in the record demonstrating that the court ever served father with a copy of the termination judgment, the clock for father to file his appeal never started. See C.A.R. 3.4(b)(1); C.R.C.P. 58.
1 As a result, we cannot conclude that father’s appeal is untimely. III. Due Process ¶ 11 Father contends that he was denied due process because the juvenile court failed to assure that he had counsel during the termination proceeding. He also asserts that the absence of counsel was particularly problematic given that the court had muted him and he was ultimately disconnected from the hearing. We discern no basis for reversal. 1 The Department and the GAL later sought to supplement the record with a proof of service attesting to the Department’s having sent the email and attached copy of the judgment to father. But no party ever sought to include in the appellate record proof that the court served the judgment on father. 
5 A. Standard of Review ¶ 12 We review a procedural due process claim de novo. People in Interest of B.H., 2021 CO 39, ¶ 49. However, the waiver of counsel is a mixed question of fact and law. Id. at ¶ 50. We accept the juvenile court’s findings of historical fact if those findings are supported by competent evidence, but we assess the legal significance of the facts de novo. Id. B. Legal Framework ¶ 13 In Colorado, an indigent parent has a statutory right to court-appointed counsel in a dependency and neglect proceeding. People in Interest of Z.P., 167 P.3d 211, 213 (Colo. App. 2007); see also C.S. v. People in Interest of I.S., 83 P.3d 627, 636 (Colo. 2004). The Children’s Code provides that parents have a right “to be represented by counsel at every stage” of dependency and neglect proceedings and a right “to seek the appointment of counsel through the office of respondent parents’ counsel” if the parent cannot financially secure counsel on his or her own. § 19-3-202(1), C.R.S. 2021; see also § 19-1-105(2) C.R.S. 2021. 
6 ¶ 14 The Children’s Code also specifically addresses the right to counsel when a parent is faced with the termination of his or her parental rights. Section 19-3-602(2), C.R.S. 2021, states that After a motion for termination of a parent-child legal relationship is filed pursuant to this part 6, the parent or parents shall be advised of the right to counsel if not already represented by counsel of record; and counsel shall be appointed in accordance with the provisions of section 19-1-105. This advisement may be given either in open court or in a writing served on a parent. § 19-3-602(2). ¶ 15 Additionally, in limited circumstances, a parent may have a constitutional right to counsel when faced with the termination of his parental rights. See B.H., ¶¶ 52-54; see also Z.P., 167 P.3d at 213. ¶ 16 Even so, to invoke the right to counsel, a parent must request, in a timely manner, that an attorney be appointed. Z.P., 167 P.3d at 213. The failure to make a timely request waives the right to counsel. Id. C. Analysis ¶ 17 The record reveals that the juvenile court ensured that father received sufficient due process throughout the dependency and 
7 neglect proceeding, including during the termination hearing. Recall, the court appointed counsel for father early in the proceeding. Counsel represented father for about eight months until moving to withdraw, purportedly at father’s request. And the court granted the request only after more than two months passed without any objection from father. ¶ 18 Following counsel’s withdrawal, father was twice more advised of his right to counsel. In early May 2020, the Department issued a written notice of termination hearing, which advised father that he had the right to be represented by counsel during the proceeding and to have counsel appointed for him if he could not afford counsel on his own. The Department also later issued a second written notice that included the same advisement. Despite these advisements, father did not ask that counsel be appointed to represent him. As a result, father waived his right to counsel at the termination hearing. See Z.P., 167 P.3d at 213. ¶ 19 The record also shows that father had the ability to participate in the termination hearing. To be sure, father correctly points out that the court muted him, and in doing so, indicated that it would disconnect him if he continued to act in an inappropriate manner. 
8 But, the record does not show that the court took this action. Rather, it shows that father was the one who disconnected from the hearing. And there is no indication that father attempted to later rejoin the hearing. ¶ 20 For these reasons, we reject father’s contention that he was denied due process during the termination proceeding. IV. Conclusion ¶ 21 The judgment is affirmed. JUDGE J. JONES and JUDGE FREYRE concur.